IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN E. DELCO | § | |
| | § | |
| v. | § | C.A. NO. C-11-029 |
| | § | |
| KEITH ROY | § | |

**OPINION AND ORDER REGARDING**
**RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. On February 3, 2011, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Id. Pending is Respondent's motion to dismiss, (D.E. 27), which was converted into a motion for summary judgment. (D.E. 29). On July 18, 2011, Petitioner filed a supplement to his petition, (D.E. 31), which Respondent replied to on August 2, 2011. (D.E. 35). For the reasons that follow, Respondent's motion for summary judgment is granted in part and denied in part, and he is ordered to show cause as to why the requested relief should not be granted.

## I. JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Live Oak County, Texas, (D.E. 31), and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6). Upon consent of the parties, (D.E. 20, 23), the action was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 24); see also 28 U.S.C. § 636(c).

## II.  BACKGROUND

On April 5, 2006, Petitioner was arrested in New Orleans, Louisiana, and charged with enticing a juvenile away from her home.  (D.E. 13, at 12-14).  On September 16, 2006, he pled guilty in Louisiana state court, and was sentenced to time served and released.  Id. at 15-17.  On February 18, 2009, Petitioner was indicted by a federal grand jury for various drug offenses and for being a felon in possession of a firearm.  United States v. Delco, No. 09-057, 2011 WL 2531093, at *1 (E.D. La. June 24, 2011) (unpublished).  After entering a plea of guilty, he was convicted and sentenced to 210 months in prison.  Id.

On December 10, 2010, Harell Watts, an administrator of national inmate appeals, sent a letter to Petitioner, informing him that he would receive a Public Safety Factor ("PSF") for his conviction of enticing a juvenile away from her home:

> A sex offender PSF is to be applied when an inmate has any sexual contact with a minor or other person physically or mentally incapable of granting consent.  A conviction is not required for application of this factor if the Presentence Investigation Report (PSR) or other official documentation clearly indicates the behavior occurred in the current term of confinement or prior criminal history.  Our records indicate you were convicted of Enticing a Juvenile to Remain Away.  During this offense, you were lying in bed with a 13-year-old female....  Your instant offense meets the criteria for the application of the PSF.

(D.E. 1, at 3).

Tracy L. Coleman, a federal probation officer, averred in an undated letter addressed to an unspecified court that Petitioner "stated the BOP indicates he and the juvenile 'were lying in bed together,' which is erroneous: however, the PSR accurately reflected his conduct in the offense."  Id. at 4.  In the letter, Officer Coleman described the arrest, noting that the arresting officers observed Petitioner wearing only a tank top and underwear in a trailer, and further

2

observed a female juvenile in his bed clad only in her undergarments. Id. at 5. Officer Coleman concluded that "[t]he PSR does not reflect that [Petitioner] was lying in bed with the juvenile." Id.

On February 3, 2011, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, alleging that he was improperly categorized as a sex offender. (D.E. 1). On March 15, 2011, he was ordered to file an amended petition clarifying whether the classification potentially affected the length of his sentence or his eligibility for early release. (D.E. 10). On April 4, 2011, he filed the amended petition, stating that the classification had no potential effect on the length of his sentence or his eligibility for early release. (D.E. 13, at 7). On June 14, 2011, Respondent filed a motion to dismiss, (D.E. 27), which was converted into a motion for summary judgment. (D.E. 29). On July 18, 2011, Petitioner filed a supplement to the petition, alleging that he discovered on June 25, 2011 that the sex offender classification is now potentially influencing the length of his sentence and eligibility for early release because he was not recommended for placement in a residential reentry center as a result of the classification. (D.E. 31). He submitted a recent document issued by the BOP, which purportedly indicates that he is not eligible for residential reentry center placement as a result of his sex offender status. Id. at 3. On August 2, 2011, Respondent filed a response to Petitioner's supplement. (D.E. 35).

### III. PETITIONER'S ALLEGATIONS

Petitioner alleges that he was incorrectly categorized by the BOP as a sex offender, resulting in an improper restraint on his liberty. (D.E. 1). He believes that the false categorization was caused by an inaccurate PSR, which erroneously accused him of lying in bed with a thirteen-year-old girl. Id. at 1-2. He requests an order directing Respondent to remove him from the sex offender list and lift the restraints placed on him as a result of his

3

categorization, restraints which allegedly include placement in a higher security prison, a requirement that he register as a sex offender upon release, and exclusion from a residential reentry center. Id. at 2; (D.E. 13, at 6-7; D.E. 31, at 1).

## IV.  DISCUSSION

Respondent moves for summary judgment, arguing that subject matter jurisdiction is lacking and that Petitioner fails to invoke a protected liberty interest. (D.E. 27, 35).

**A.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant

4

to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Hous., 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Respondent Is Entitled To Summary Judgment With Respect To Petitioner's Challenge To The Security Level Of His Prison And His Obligation To Register As A Sex Offender Upon Release.**

 Respondent asserts that Petitioner's challenge to the alleged obligation to register as a sex offender upon his release should be dismissed because he "provide[s] no identification of any statute imposing a registration obligation upon him based on his internal BOP administrative classification," and because the issue "is a collateral matter not properly addressed in [a] habeas action."  (D.E. 27, at 5-6).

Respondent's first argument fails, as Petitioner does not bear the burden on summary judgment of proving his allegations, see Lujan, 497 U.S. at 888, and that is particularly true here, where Respondent is in a far better position to clarify the legal obligations that will attach to Petitioner after he is freed.

However, his second argument is persuasive.  It is well-settled that a § 2241 petition "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."  Pack, 218 F.3d at 451 (citation omitted).  Though it is not clear which sex offender

5

registry Petitioner believes he will have to report himself to, wherever it is, he has no cognizable habeas claim challenging the obligation. For in any event he will no longer be in custody for habeas purposes if and when he registers. The federal government's involvement in sex offense registrations is limited to enforcing those created by the states. See generally Carr v. United States, __ U.S. __, 130 S. Ct. 2229, 2232-35 (2010). Petitioner's registration obligations will presumably be imposed either by Louisiana, where he apparently lived and was arrested, or Texas, where he is now confined. If he is required to register in either state, his registration will not place him in "custody" pursuant to federal habeas law. See Hurley v. Quarterman, No. 3:08-CV-968, 2008 WL 4966638, at *2 (N.D. Tex. Nov. 18, 2008) (unpublished) (holding that "the requirements imposed on sex offenders under Texas law are not sufficiently restrictive to constitute a form of custody" and collecting cases in support) (citations omitted); Puckett v. Powers, No. 10-1066, 2011 WL 794861, at *1 (E.D. La. Feb. 28, 2011) (unpublished) ("A requirement that one register as a sex offender [in Louisiana], however, does not render a person 'in custody' for the purposes of habeas corpus.") (citations omitted). Consequently, Petitioner's obligation to register as a sex offender upon his release, whatever that obligation is, does not implicate either the execution of his sentence or its duration.

Respondent urges dismissal of Petitioner's claim seeking a transfer to a lower-security facility, arguing that he has no constitutional right to be housed in one prison rather than another. (D.E. 35, at 1-2). The Constitution does not entitle inmates to be held at a particular penal institution. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). As a result, the petition must be dismissed to the extent it seeks an order directing the BOP to transfer Petitioner to a lower-security institution. Accordingly, Respondent's motion for summary judgment is granted with

respect to Petitioner's challenge to the security level of his prison and his purported obligation to register as a sex offender upon release.

**C.     Respondent Is Not Entitled To Summary Judgment With Respect To Petitioner's Challenge To The BOP's Refusal To Place Him In A Residential Reentry Center.**

Respondent's twin arguments for summary judgment–lack of subject matter jurisdiction and failure to invoke a protected liberty interest–are both premised on his belief that Petitioner fails to challenge any action bearing on the length of his sentence.  (D.E. 27, at 2) (subject matter jurisdiction is lacking because 28 U.S.C. § 2241 can only be used "for claims that would, if successful, directly accelerate release"); id. at 4 (no protected liberty interest is implicated because the claim does not relate to "the duration of his confinement").  Although Respondent's motion for summary judgment relied on the fact that Petitioner "specifically [pled] that the requested relief would not affect the timing of his release," id. at 3, his argument remains essentially identical now that Petitioner has supplemented his petition with a claim that the sex offender status is affecting the timing of his release.  He adds only that "the effect of a custody classification determination on eligibility for placement in a halfway house fails to implicate a liberty interest."  (D.E. 35, at 1).

Respondent's sole direct support for that proposition is York v. Federal Bureau of Prisons, No. 3:10-CV-1041, 2010 WL 2985885, at *2 n.3 (N.D. Tex. June 18, 2010) (unpublished), adopted by 2010 WL 2985882 (N.D. Tex. July 26, 2010) (unpublished).  In the cited footnote, the York court explains that "[t]o the extent petitioner argues that his custody level will be increased because of the disciplinary infraction, which may affect his eligibility for placement in a halfway house ..., that claim also fails to implicate a liberty interest.  *See Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995) ... (change in custody status, without more, does not constitute a constitutionally cognizable liberty interest)."

In Luken, a state inmate filed a civil rights action alleging that he was improperly sanctioned with placement in administrative segregation, which in turn stripped him of the ability to accrue good-time credits towards eligibility for parole. 71 F.3d at 192-93. The Fifth Circuit upheld the dismissal of the claim, rejecting the argument "that the *mere opportunity* to earn good-time credits constitutes a constitutionally cognizable liberty interest." Id. at 193 (emphasis in original). Reasoning that the "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests," the Luken court concluded that "such effects have never been held to confer a constitutionally protected liberty interest." Id. (citations omitted).

Respondent looks for additional support to Richardson v. Joslin, 501 F.3d 415 (5th Cir. 2007). (D.E. 35, at 2). In Richardson, the petitioner was denied a sentence reduction pursuant to the Residential Drug Abuse Treatment Program ("RDAP") because the BOP determined that his offense precluded it. Id. at 416. After finding that the petitioner received all the process he was entitled to, the Richardson court considered the matter of whether he implicated a liberty interest. Id. at 418-20. The government can create such an interest by statute where it implements "a regulation [that] uses 'mandatory language to place a substantive limit on official discretion'" such that the "prisoner [has] ... 'a legitimate claim of entitlement'" to certain treatment. Id. at 419 (citations omitted). Applying these principles, the Richardson court determined that RDAP did not create a liberty interest because it contains "'no mandatory language requiring that inmates be released upon completion of the drug-treatment program.'" Id. at 420 (citation omitted). Finally, the Fifth Circuit rejected Richardson's argument that the BOP's action represented "an 'atypical and significant hardship' ...by extending his confinement beyond the date of his release," regarding the argument as putting "the cart before the horse" because it "assume[d] Richardson was entitled to the reduction," when the reduction was in fact left to the

8

broad discretion of the BOP.  Id.

Far from bolstering Respondent's case, his cited authorities highlight the deficiencies within his motion for summary judgment.  First, he omits any description of, evidence regarding, or case law discussing, the residential reentry center program that Petitioner was apparently excluded from, and thereby fails to provide any reason to regard it as analogous to the "halfway house" at issue in York.  Furthermore, assuming that the two facilities are equivalent for present purposes, he cites, without any explanation or argument, as his sole authority for the fundamental premise underlying his entire motion, a footnote in an unpublished district court opinion that itself cites an inapposite case and contains no discussion.  Such scant authority and argument is insufficient to assume the validity of Respondent's argument.

In Richardson, the court more directly exposes the deficiencies of the pending motion, as it essentially lists the evidence and arguments that Respondent was required–and failed–to bring forth in order to justify dismissal of the petition.  First, he has not argued, let alone shown, that the regulations authorizing release to a residential reentry center do not create a protected liberty interest.  Indeed, he fails to even indicate what the relevant regulations are–either those governing residential reentry center placement generally or those authorizing Petitioner's exclusion.  It is therefore impossible to ascertain how much discretion is afforded the BOP in its administration of the program, and consequently impossible to determine whether the petition implicates a protected liberty interest.  Id. at 420.  Because Respondent fails to carry his burden on the pivotal initial inquiry of whether Petitioner invokes a protected liberty interest, it must be assumed for summary judgment that he does, see Caboni, 278 F.3d at 451 (courts must consider the record in the light most favorable to the non-movant), and the question of whether adequate process was afforded must be considered.  Richardson, 501 F.3d at 418-20.  Respondent supplies literally no argument or facts concerning that question, so it too must be decided in Petitioner's

favor. Lastly, Respondent omits even the barest description of–not to mention documentary evidence confirming–Petitioner's particular circumstances as they relate to the calculation of his federal sentence, his eligibility for residential reentry center placement, or whether that placement would in turn potentially facilitate early release.[1] As a result, there is no evidentiary basis for determining whether the exclusion from the residential reentry center represents "an 'atypical and significant hardship,'" Richardson, 501 F.3d at 420, and thus no way of knowing whether a constitutional violation occurred.

Here, Petitioner sought habeas relief on the grounds that he was improperly categorized as a sex offender. (D.E. 1). He was ordered to clarify whether the classification potentially affected the length of his sentence or his eligibility for early release. (D.E. 10). After Petitioner conceded that there was no such potential effect, (D.E. 13, at 7), Respondent moved for summary judgment entirely on that ground. (D.E. 27). Petitioner then filed a supplement, asserting that his sex offender status now is affecting the length of his sentence or eligibility for early release because he was denied placement in a residential reentry center on account of the classification. (D.E. 31, at 3). In reply, Respondent submitted a one-and-a-half page brief relying entirely upon an unpublished district court opinion and omitting any discussion of the threshold issues. (D.E. 35).

In sum, Respondent grounded his motion for summary judgment on a factual premise that Petitioner controverts, and he now asks for dismissal while presenting no factual allegations, no evidence, no argument, and no controlling, apposite authority. Respondent may be correct in

---

[1] Interestingly, Richardson noted at the outset that the petitioner "was considered for placement in the community-based portion of the [RDAP]. That process included a final review of his eligibility for early release." 501 F.3d at 417. Although the opinion never addressed the significance of the "community-based" placement with respect to the habeas claim, its language could be reasonably read to imply that such placement might very well "directly accelerate release," (D.E. 27, at 2), further weakening the plausibility of Respondent's unsupported argument.

stating that Petitioner's submissions fail to "demonstrate that his PSF classification affects the length of his sentence," (D.E. 35, at 1), but he is mistaken in assuming that Petitioner had any such obligation. At summary judgment, the responsibility to "demonstrate" the relationship between the classification and the length of sentence lies with Respondent, not Petitioner, see Celotex, 477 U.S. at 323, and he has not fulfilled it. As a result, his motion is denied insofar as it seeks dismissal of Petitioner's claim that he was improperly denied placement in a residential reentry center.

## V. CONCLUSION

For the reasons stated above, Respondent's motion to dismiss, (D.E. 27), construed as a motion for summary judgment, (D.E. 29), is GRANTED with respect to Petitioner's challenge to the security level of his prison and his obligation to register as a sex offender upon release and DENIED with respect to his challenge to the BOP's refusal to place him in a residential reentry center. Respondent is ordered to show cause by August 31, 2011 as to why Petitioner's sex offender classification should not be removed and why he should not be placed in a residential reentry center. See Davis v. Gonzales, 482 F. Supp. 2d 796, 802 (W.D. Tex. 2006) (ordering respondents in a § 2241 case to show cause as to why the relief sought should not be granted after they failed to satisfy their burden in their motion to dismiss or for summary judgment).

ORDERED this 10th day of August 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE