IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN E. DELCO | § | |
| | § | |
| v. | § | C.A. NO. C-11-029 |
| | § | |
| KEITH ROY | § | |

**OPINION AND ORDER DISMISSING PETITION**

Petitioner is a federal inmate who is currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. On February 3, 2011, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. (D.E. 1). For the following reasons, Petitioner's habeas petition is dismissed.

## I. JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Live Oak County, Texas, (D.E. 31), and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6). Upon consent of the parties, (D.E. 20, 23), the action was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 24); see also 28 U.S.C. § 636(c).

## II. BACKGROUND

On April 5, 2006, Petitioner was arrested in New Orleans, Louisiana, and charged with enticing a juvenile away from her home. (D.E. 13, at 12-14). On September 16, 2006, he pled guilty in Louisiana state court, was sentenced to time served, and then released. Id. at 15-17. On February 18, 2009, Petitioner was indicted by a federal grand jury for various drug offenses and for being a felon in possession of a firearm. United States v. Delco, No. 09-057, 2011 WL

2531093, at *1 (E.D. La. June 24, 2011) (unpublished).  After entering a plea of guilty, he was convicted and sentenced to 210 months in prison.  Id.

Subsequently, Harrell Watts, an administrator of national inmate appeals, sent a letter to Petitioner on December 10, 2010 informing him that he would receive a Public Safety Factor ("PSF") for his conviction of enticing a juvenile away from her home:

> A sex offender PSF is to be applied when an inmate has any sexual contact with a minor or other person physically or mentally incapable of granting consent.  A conviction is not required for application of this factor if the Presentence Investigation Report (PSR) or other official documentation clearly indicates the behavior occurred in the current term of confinement or prior criminal history.  Our records indicate you were convicted of Enticing a Juvenile to Remain Away.  During this offense, you were lying in bed with a 13-year-old female....  Your instant offense meets the criteria for the application of the PSF.

(D.E. 1, at 3).

Petitioner filed this pro se habeas corpus petition on February 3, 2011 alleging that he was improperly categorized as a sex offender. (D.E. 1).  On June 14, 2011, Respondent filed a motion to dismiss, (D.E. 27), which was construed as a motion for summary judgment. (D.E. 29).  In a supplemental filing submitted on July 18, 2011, Petitioner claimed that his PSF classification was preventing his placement into a Residential Re-entry Center, thereby lengthening the amount of time he had to serve in prison.  (D.E. 31).

On August 10, 2011, Respondent's motion was granted in part and denied in part.  See generally Delco v. Roy, No. C-11-029, 2011 WL 3502365 (S.D. Tex. Aug. 10, 2011) (unpublished). The denial was based on the Respondent's failure to carry his summary judgment burden of demonstrating that Petitioner's PSF classification did not affect the length of his sentence.  Id. at *4-6.  More specifically, he did not show whether being rendered ineligible to

participate in the Residential Re-entry Center program implicated a protected liberty interest. Id. at *5. At the time, Respondent had simply not made clear whether exclusion from the Residential Re-entry Center program represented "an 'atypical and significant hardship'" within the meaning of Richardson v. Joslin, 501 F.3d 415, 419-20 (5th Cir. 2007). Accordingly, Respondent was ordered to show cause as to why Petitioner's sex offender classification should not be removed and why he should not be placed in a Residential Re-entry Center. Id. at 11.

Respondent filed his response on August 31, 2011. (D.E. 38). He maintained that Petitioner's PSF classification does not affect the duration of his sentence because Residential Re-entry Centers, more formally known as Community Corrections Centers ("CCC"), are essentially minimum security prisons, and prisoners have no constitutional right to serve their sentence in a particular facility. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (reaffirming that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison ...") (citations omitted). In an affidavit, LaTanya Robinson, a Community Corrections Manager with the BOP, testified that placement of an inmate into a CCC pursuant to 18 U.S.C. § 3624(c)(1) does not constitute a release because the inmate must still serve out his entire remaining sentence in confinement. (D.E. 38-1). As she affirms, "[p]lacement in a CCC does not shorten the sentence to be served, but is instead one of several different locations at which an inmate may serve his sentence." Id. at 2. A mission statement was also attached to emphasize that a CCC was intended "to provide programs and facilities for Federal offenders *serving their sentences* in non-Bureau facilities." (D.E. 38-2) (emphasis added). It appears that the only difference from a BOP prison facility is that a CCC provides "pre-release assistance for inmates who are nearing their release date[s]." Id.; (D.E. 38-1, at 1).

On September 7, 2011, Petitioner was in turn ordered to show cause as to why this action should not be dismissed consistent with Respondent's August 31, 2011 filing. (D.E. 39). Petitioner filed his response on September 26, 2011. (D.E. 40). Because he failed to address Respondent's assertion that being ineligible for placement into a Residential Re-entry Center does not implicate a constitutional liberty interest, he fails to show why this petition should not be dismissed.

### III.  DISCUSSION

In Richardson, the Fifth Circuit explained that "in the prison context, a liberty interest is created in one of two ways: Either the Due Process Clause confers a liberty interest, or such an interest is created by the state through a statute." 501 F.3d at 419 (citing Sandin v. Conner, 515 U.S. 472, 477-78, 479 n.4, 483-84 (1995)). Given that a CCC is analogous to a minimum security prison, Respondent has shown that placement in a CCC "is not 'qualitatively different' from the punishment characteristically suffered by a person convicted of crime." Id. (quoting Sandin, 515 U.S. at 479 n.4). Therefore, the question of whether an inmate is placed into a CCC or will instead be confined at a BOP facility does not implicate a Due Process liberty interest. Moreover, a statute that permits administrative discretion does not create a liberty interest. See Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998) (per curiam) ("A protected liberty interest exists only when a regulation uses 'mandatory language to place a substantive limit on official discretion.'") (quoting Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998) (per curiam)). Because 18 U.S.C. § 3624(c)(1)[1] allows the BOP to determine whether it is practicable to place

---

[1] Regarding "Prerelease custody," Congress authorized the BOP to place inmates into a CCC:

The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under

prisoners into a CCC, or even whether to use a CCC at all, a statutory liberty interest is not implicated when prisoners are rendered ineligible for CCC placement.

## IV.  CONCLUSION

Accordingly, Petitioner's attempt to be eligible for placement in a CCC must be denied. Respondent has demonstrated, and Petitioner did not contest, that a CCC is just another prison and not an early release program.  Accordingly, this petition (D.E. 1), is DISMISSED.

ORDERED this 17th day of October 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).